# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 15-4067-CR-C-SRB |
| | ) |
| | ) |
| DIJON RASHEED BROWN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant Dijon Rasheed Brown's motions for severance and to dismiss the Indictment. (Docs. 31, 33). The Government has filed suggestions in opposition. (Docs. 37, 38).

## Severance

Defendant requests that his trial be severed from those of his co-defendants and conspirators, arguing that he will be prejudiced by a joint trial. Defendant asserts he is prejudiced by two issues: (1) the continuance request filed by a co-defendant, which was granted by the Court, which he asserts is jeopardizing his right to a speedy trial; and (2) the serious risk his defense will be irreconcilable with his co-defendants, will infringe on his cross examination and confrontation rights, and will result in the jury wrongfully attributing characteristics, facts, and/or guilt to him simply due to his association with and trial alongside the four other co-defendants.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]he indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of actions or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). All defendants need not be charged in each count. Id. Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534 (1993). Joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. Id. at 537. As a general rule, persons charged in a conspiracy will be tried together, especially where the proof of the charges against each of the defendants is based on the same evidence and acts. United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990). Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. United States v. Adkins, 842 F.2d 210, 212 (8th Cir. 1988). Nor is severance required whenever co-defendants have conflicting defenses. Zafiro, 506 U.S. at 538-39. Disparity in the weight of the evidence as between parties also does not entitle a defendant to severance. United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992). Similarly, a defendant's limited involvement in a conspiracy also does not warrant severance. United States v. Kaminski, 692 F.2d 505, 520 (8th Cir. 1982). In the context of a conspiracy, severance will rarely, if ever, be required. United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993).

In the instant case, Defendant is charged in a methamphetamine distribution conspiracy, along with every other defendant. The charges against him are based on his actions which are similar to and intertwined with that of the others charged in the conspiracy. The evidence and witnesses in Defendant's case overlap with that of his co-defendants.

Defendant's desire to be tried earlier than his co-defendants does not establish a basis for severance. Granting a co-defendant's motion for continuance does not violate the rights of the Defendant to a speedy trial. United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (citing United States v. Fuller, 942 F.2d 454, 457 (8th Cir. 1991) ("Motions filed by one defendant in a multi-defendant case count as motions filed by all the defendants, and . . . will count as excludable time for all defendants.")).

Defendant provides no factual basis for his assertion that his defense will be irreconcilable with his co-defendants, will infringe on his cross examination and confrontation rights, and will result in the jury wrongfully attributing characteristics, facts, and/or guilt to him simply due to his association with and trial alongside the four other co-defendants. Moreover, to the extent that there might be evidence that is admissible against some defendants that may be damaging to Defendant, such possible prejudice could be cured by the Court giving a proper

2

limiting instruction to the jury at trial.  Zafiro, 506 U.S. at 540.  Defendant has not alleged that a jury could not differentiate and compartmentalize evidence as to each defendant charged in the case.  See Mickelson, 378 F.3d 817-18 (8th Cir. 2004) (a defendant can show real prejudice on his right to a fair trial by showing the jury will be unable to compartmentalize).  Limiting instructions would minimize any concern of the Defendant that evidence implicating co-defendants would possibly spill over and prejudice him.  Juries are presumed to follow the instructions given to them.  Zafiro, 506 U.S. at 540.

Based on the foregoing, the Court finds Defendant's arguments in support of severance are without merit.   The continuance of a co-defendant was properly granted and such continuance does not violate Defendant's speedy trial rights.  Moreover, Defendant has failed to make any claim of specific prejudice in his being tried with his co-defendants.  Defendant has failed to provide a factual or an applicable legal basis that applies to this case that would support his argument for severance.

## Motion to Dismiss

Defendant argues that Count I of the Indictment provides no factual statement which would form the basis of any conspiratorial agreement, and provides no information regarding facts the Government intends to prove as the overt acts committed by Defendant.  Defendant asserts that Count II of the Indictment is similarly inadequate.

The Government argues that Count I and II of the Indictment contain all elements necessary to support charges of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine.  The Government argues it is not required to allege the specific facts giving rise to the charges or provide a description of overt acts.

Upon review the Court finds that the Indictment is facially sufficient.  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."  United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993); Fed. R. Crim. P. 7(c).  Typically an indictment is insufficient only if an essential element of the offense is omitted from it.  United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2006); United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988).  "An indictment will ordinarily be held sufficient unless it is so

defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009) (quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008)).

The essential elements of conspiracy under 21 U.S.C. § 846 are the existence of an agreement between two or more individuals to distribute drugs, that the defendant knew of the agreement, and that he he intentionally joined the agreement. United States v. Moore, 639 F.3d 443, 447 (8th Cir. 2011) (stating elements of drug conspiracy). An indictment charging conspiracy to distribute a controlled substance under 21 U.S.C. § 846 does not require a description of the overt act. United States v. Shabani, 513 U.S. 10, 15 (1994).

In United States v. Huggans, 650 F.3d 1210 (8th Cir. 2011), Huggans claimed that the indictment charged him with conspiracy to distribute cocaine was insufficient because it failed to provide him with adequate notice as to the nature of the charges against him, and was insufficient to enable him to plead his prior conviction as a bar to prosecution if charged again. Huggans argued that the conspiracy count of the indictment failed to specify the person with who, and the locations and time at which, he conspired to possess and distribute cocaine during the seven year period charged. The Court of Appeals rejected Huggans' claim, holding that "[a]n indictment provides sufficient specific facts constituting the offense if it apprises the defendant of the time frame of the alleged drug conspiracy and the type of drugs involved." Id. at 1218.

The Indictment in the instant case includes the essential elements of a conspiracy charge under 21 U.S.C. § 846, and mirrors the indictment upheld in Huggans. The Count I conspiracy count alleges that Defendant "[f]rom an unknown date, through November 10, 2015, . . . in Boone County, in the Western District of Missouri . . . knowingly and intentionally combined, conspired, and agreed . . . with others, known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine . . . ." The Indictment sufficiently apprised the Defendant of the charges against him, including the time frame of the conspiracy and the type of drugs involved. The Indictment as to the Count I conspiracy charge is legally sufficient.

Similarly, Count II of the Indictment, which charges the Defendant and others with possession with intent to distribute 50 grams or more of a mixture or substance containing a

4

detectable amount of methamphetamine, is legally sufficient.  Count II contains all the essential elements of the offense charged under 21 U.S.C. § 841(a)(1), and alleges the date the offense occurred and the type and quantity of drug possessed.

Based on the foregoing, the Indictment is legally sufficient, and there is no basis to dismiss.[1]

It is therefore,

RECOMMENDED that Defendant Dijon Rasheed Brown's motions for severance and to dismiss be denied. (Docs. 31, 33).

Dated this 21st day of June, 2016, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[1] The Court notes that this is an open discovery case, with the Government making available to the Defendant the Government's investigative file.  Thereby, Defendant is not without specific information or details as to the charges set forth in the Indictment.