# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

UNITED STATES OF AMERICA,    )
    )
               Plaintiff,    )
    )
       v.    )          No. 15-4067-03-CR-C-SRB
    )
    )
DIJON RASHEED BROWN,    )
    )
    )
              Defendant.    )

## REPORT AND RECOMMENDATION

Pending before the Court is defendant Dijon Rasheed Brown's motion to suppress evidence, and suggestions in support thereof. (Doc. 203). Defendant alleges suppression is warranted for the following reasons: (1) the affidavit in support of the Anticipatory Search Warrant was insufficient to establish probable cause to issue the warrant; (2) the triggering event to execute the Anticipatory Search Warrant never occurred; and (3) the good faith exception does not apply here because the officers did not have an objectively reasonable belief that there was probable cause to enter the house. The Government filed suggestions in opposition to defendant Brown's motion to suppress (doc. 213), to which defendant Brown filed a reply. (Doc. 222). The Court held an evidentiary hearing regarding Defendant's pending motion to suppress on May 15, 2017.

## Factual Background

In the instant case, Defendant is charged in Counts 1, 2, and 8 of the Second Superseding Indictment. (Doc. 70). Count 1 charges Defendant with conspiracy to distribute methamphetamine, Count 2 charges Defendant with possession with intent to distribute methamphetamine, and Count 8 charges Defendant with being a felon in possession of a firearm.

In or around November of 2015, St. Louis Postal Inspectors identified a suspicious parcel in the mail stream. The parcel was addressed to "Martha Guerra, 4246 Santa Barbara Dr. Columbia, MO 65201," and had a return address of "Carlos Rufio, 11523 Adco Ave Downey CA 90241." (Hereinafter known as the "Parcel.") On or about November 9, 2015, Postal Inspectors

retrieved the Parcel and due to its suspicious characteristics, a canine sniff was requested. On November 9, 2015, Columbia Police Department Officer Sgt. Scott Hedrick responded with his drug canine, Kane. Kane reacted to the Parcel in a positive manner. Thereafter, Postal Inspector Christopher J. Farmer applied for and obtained a federal search warrant for the Parcel. Execution of the search warrant revealed a hollowed-out book containing approximately 456 grams of field-tested methamphetamine. Upon the discovery of the Parcel containing methamphetamine, officers replaced a portion of the methamphetamine and resealed the Parcel. Postal Inspector Farmer then applied for and obtained an Anticipatory Search Warrant authorizing the search of 4262 Santa Barbara Drive, Columbia, Missouri 65201.

On November 10, 2015, in the morning hours, officers assembled for the execution of the warrant. Postal Inspector Farmer and Columbia Police Detective Tim Giger established surveillance near the residence. At 9:55 a.m., two black males exited the residence and entered a white Chevrolet Suburban parked in front of the residence. At 10:04 a.m., an undercover Postal Inspector delivered the Parcel to the residence and the Parcel was left near the front door. A black male opened and closed the door several times and looked toward the Parcel through the screen door. At 10:31 a.m., the Suburban returned, drove past the residence once, and then returned and parked in the driveway of the residence. At 10:34 a.m., the driver of the Suburban, identified as Favbion Dawayne Holmes, and Defendant, who was the passenger in the Suburban, exited the vehicle and approached the residence. Defendant picked up the Parcel and took it into the residence. At 10:36 a.m., Zachary Troy Fennell brought the Parcel back outside the residence and placed it next to the front door.

Subsequently, law enforcement officers, including the Boone County Sheriff's Department SWAT Team, approached the residence to execute the Anticipatory Search Warrant. Entry was attempted at the front door, but officers were unable to breach the front door because the door had been reinforced. Officers were forced to make entry at a secondary location at the rear of the residence. Upon execution of the Anticipatory Search Warrant, Postal Inspector Farmer retrieved the Parcel from the front door and found the words "return to sender" had been written on the package in black marker.

## Analysis

In the instant case, Defendant advances several theories in support of his claim that suppression of the evidence is warranted. Defendant alleges suppression is warranted because:

2

(1) the facts in support of the Anticipatory Search Warrant were insufficient to establish probable cause to support issuance; (2) the triggering event to execute the Anticipatory Search Warrant never occurred; and (3) the good faith exception does not apply here because the officers did not have an objectively reasonable belief that there was probable cause to enter the house. Consequently, Defendant alleges that the search of the residence, and the evidence recovered, was the product of an illegal search and seizure in violation of Defendant's rights under the Fourth Amendment to the United States Constitution, and therefore suppression of the evidence is required. The Government has responded by stating that the affidavit in support of the Anticipatory Search Warrant set forth sufficient facts to establish probable cause to believe that evidence of drug activity would be found within the residence upon delivery of the Parcel. Further, the Government asserts that the triggering event, which authorized execution of the Anticipatory Search Warrant, occurred, and finally even if the search warrant and affidavit were found to be insufficient, the officers relied in good faith upon the validity of the warrant, therefore, no basis for suppression of evidence exists. The Court will address each of these arguments below.

### A. Probable Cause to Issue the Anticipatory Search Warrant

Defendant first asserts that issuance of the Anticipatory Search Warrant was not proper in this case because the affidavit in support of the warrant failed to establish probable cause.

The Fourth Amendment to the United States Constitution provides in relevant part, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. Probable cause to issue a warrant exists if, "in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Tagbering, 985 F.2d 946, 949 (8th Cir. 1993) (quoting United States v. Martin, 866 F.2d 972, 976 (8th Cir. 1989)). A "totality-of-the-circumstances" approach is employed in determining whether probable cause existed. Illinois v. Gates, 462 U.S. 213, 238 (1983).

"An anticipatory warrant is 'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of a crime will be located at a specified place.' Most anticipatory warrants subject their execution to some condition precedent other than the mere passage of time – a so-called 'triggering condition'." United States v.

3

Grubbs, 547 U.S. 90, 94 (2006) (internal citations omitted). "Anticipatory warrants are, therefore, no different in principle from ordinary warrants. They require the magistrate to determine (1) that it is *now probable* that (2) contraband, evidence of a crime, or a fugitive *will be* on the described premises (3) when the warrant is executed." Id. at 96. (emphasis in original).

Defendant asserts that the affidavit in support of the Anticipatory Search Warrant failed to set forth sufficient facts to support a probable cause determination and therefore issuance of the warrant was improper. Defendant supports this assertion by stating the affidavit fails to recite any facts showing that the owner or any occupant of the residence was engaged in criminal activity, that no person at the residence was observed trafficking drugs, and that the affidavit did not cite any drug activity by an owner or occupant of the residence. Defendant's suggestions in support of his motion to suppress also list many things that are not within the affidavit to support issuance of the warrant, i.e., "[t]here were no facts that the owner or occupants were drug dealers. There were no facts the owner or occupants offered to provide drugs. There were no controlled buys." See Doc. 203 at 4-5. Finally, Defendant claims simply because the Parcel was addressed to 4262 Santa Barbara Dr., Columbia, Missouri, is not sufficient to establish probable cause to issue a search warrant for that address, particularly because Postal Inspector Farmer had previously determined no one by the name Martha Guerra resided at the address listed.

Upon review of the affidavit in support of the Anticipatory Search Warrant, the Court finds that here, based on the totality of the circumstances, at the time the warrant was issued, there was a fair probability that contraband would be found at the residence when the warrant was executed. Having so found, the Anticipatory Search Warrant was properly issued in this case. The affidavit in support of the warrant stated that following the obtainment and execution of a search warrant on the Parcel, officers discovered approximately 456 grams of a crystalline substance, a representative sample of which was field-tested and produced a positive result for methamphetamine. The affidavit further asserted that a representative amount of approximately 100 grams of methamphetamine was reinserted into the package for the purpose of conducting a controlled delivery of the Parcel to 4262 Santa Barbara Dr., Columbia, Missouri 65201, the residence the Parcel was originally addressed to for delivery. Additionally, the affidavit described the procedure that would be in place to conduct the controlled delivery, and stated that a law enforcement agent, wearing a USPS letter carrier uniform, would attempt to deliver the Parcel to the residence.

4

Therefore, the Court finds that at the time the warrant was issued, there was a fair probability that contraband and evidence of drug activity would be on the described premises when the warrant was executed. See United States v. Grubbs, 547 U.S. 90, 96 (2006). With regards to issuance of an anticipatory search warrant, that is all that is required. Therefore, Defendant's claim that suppression of the evidence is warranted under a theory that the Anticipatory Search Warrant was not supported by probable cause is meritless and should be denied.

**B. Triggering Event Authorizing Execution of the Anticipatory Search Warrant**

Defendant next argues that the so called "triggering event," which authorized the execution of the Anticipatory Search Warrant, never occurred in this case, thus invalidating the subsequent execution of the warrant. To support his claim that the triggering event never took place, Defendant advances two theories: (1) the Parcel was left outside the front door, rather than being placed in the possession of anyone willing to accept delivery; and (2) the Parcel was not accepted, but rather was rejected, because the Parcel was returned outside to the front door with the words "return to sender" written on the package. The Government has responded in opposition asserting that the triggering event occurred in this case, as the Parcel was delivered to the residence by an undercover Postal Inspector and taken inside the residence by Defendant. The Government further asserts that the warrant was not invalidated when the Parcel was subsequently placed back outside the residence by the front door.

As previously stated, "most anticipatory warrants subject their execution to some condition precedent other than the mere passage of time – a so-called 'triggering condition'." Grubbs, 547 U.S. at 94. (internal citations omitted) In the instant case, the execution of the Anticipatory Search Warrant was conditioned on the occurrence of a triggering event. The warrant provided, "I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property UPON OCCURRENCE OF THE FOLLOWING CONDITION(S) . . .: An adult subject transporting some or all of the methamphetamine inside the target address. NOTICE TO AGENT AND OFFICERS: This warrant shall be executed only after this act occurs. Otherwise, this warrant shall not be executed." (Government's Exhibit 4).

Defendant's first theory that the triggering event did not occur argues that the procedures for conducting the controlled delivery, which were laid out in paragraph 7(b) of Postal Inspector Farmer's affidavit, were not carried out in this case. Paragraph 7(b) of the affidavit states,

"Delivery will be made only to an adult willing to accept delivery on behalf of 'Martha Guerra,' to whom the Subject Parcel is addressed. Every effort will be made to make delivery to 'Martha Guerra' and in no event will the package be delivered to a child." Defendant's contention that suppression is warranted in this case focuses on acceptance of the Parcel.

Here, the Court finds that the triggering event was satisfied and the Anticipatory Search Warrant was lawfully executed. The Court notes from the outset that affidavits in support of search warrants should be reviewed and interpreted in a commonsense manner, rather than hyper technically. See United States v. Ventresca, 380 U.S. 102, 109 (1965) ("… when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.").

In the warrant, the Court specifically stated that probable cause to search the residence would be established "UPON OCCURRENCE OF THE FOLLOWING CONDITION(S) . . .: An adult subject transporting some or all of the methamphetamine inside the target address. NOTICE TO AGENT AND OFFICERS: This warrant shall be executed only after this act occurs. Otherwise, this warrant shall not be executed." (Government's Exhibit 4). The Court finds that the triggering event in this case was "an adult subject transporting some or all of the methamphetamine inside the target address." This is the condition the Court stated would establish probable cause, and further stated the warrant shall not be executed absent this occurrence. Therefore, once the Parcel was picked up by Defendant and carried into 4262 Santa Barbara Drive, Columbia, Missouri 65201, the triggering event was satisfied, probable cause was established, and the warrant could be lawfully executed.

In regards to Defendant's argument that the Postal Inspector did not meet the delivery conditions of paragraph 7(b) of the affidavit, the Court acknowledges that the Parcel was left outside the front door, rather than being physically handed to an individual. However, at the evidentiary hearing regarding this motion to suppress, Postal Inspector Farmer testified regarding the delivery of the Parcel to the residence. Postal Inspector Farmer testified that an undercover Postal Inspector, who posed as a USPS letter carrier, walked up to the front doorstep, attempted delivery of the Parcel, and then left the Parcel at the front doorstep and vacated the area. Postal Inspector Farmer testified that this was consistent with both Postal Inspector and Postal Service Policy in terms of making a delivery. The Court finds this to be sufficient for delivery in this

case, and a commonsense reading of the affidavit and the search warrant does not warrant suppression based on this theory.

Defendant additionally argues that when the Parcel was returned outside the front door with "return to sender" written on the package, the Parcel was rejected by the occupants of the residence. As the Court has already addressed, the triggering event occurred when Defendant carried the Parcel into the residence. Nothing within the search warrant indicated that execution was conditioned on the Parcel remaining within the residence. Once the triggering event occurred, execution of the Anticipatory Search Warrant was authorized. See United States v. Becerra, 97 F.3d 669, 671 (2d Cir. 1996) ("[A]n anticipatory warrant whose perfection requires no more than the delivery of a package to, or in the presence of, the suspect, is not invalidated because the parcel is taken off the premises after delivery.") See also United States v. Jackson, 55 F.3d 1219, 1224 (6th Cir. 1995) ("We conclude that once the package was taken inside the Bardwell house, probable cause existed to search the premises not only for the contraband itself, but also for other evidence of drug trafficking.")[1]

Defendant attempts to distinguish Becerra, from the instant case because in Becerra, the package was hand delivered to the defendant's apartment and the defendant answered the door, signed for, and accepted the package. However, the Court is not persuaded by this distinction. At the evidentiary hearing, Postal Inspector Farmer testified to the circumstances surrounding the delivery in this case and stated that they were consistent with both Postal Inspector and Postal Service Policy regarding delivery. Further, the Court believes that a commonsense reading of the affidavit and Anticipatory Search Warrant provide that the purpose behind the anticipatory warrant, and the timing of its execution, was to provide law enforcement with the authority to execute the warrant upon the occurrence of an adult person taking the Parcel, which contained a substantial amount of methamphetamine, into the residence. See Grubbs, 547 U.S. at 94. (internal citations omitted) (holding that affidavits and warrants should be interpreted in a commonsense manner rather than hyper technically). Therefore, once the Parcel was delivered

---

[1] The Court notes that while the factual circumstances of the contraband being removed from the residence, and the precise language of the event to trigger the execution of the search warrant in Jackson are not identical to those in the instant case, the Court believes that the proposition from Jackson to be sound, and the case to be persuasive.

to and carried inside the residence, the triggering event authorizing execution of the warrant was satisfied and removing the Parcel from the residence did not invalidate the warrant.[2]

Additionally, Postal Inspector Farmer testified to the additional suspicious behavior he witnessed between the time the Parcel was delivered and the warrant was executed. This suspicious behavior included the white Suburban driving past the residence in what appeared to be counter-surveillance, and the front door opening and closing several times with an individual looking at the Parcel. Such behavior only added to the probable cause to execute the warrant once the triggering event had taken place.

Here, the Court finds that based on all of the above, the triggering event occurred and the warrant was lawfully executed. Further, the warrant was not invalidated by the Parcel being placed back outside the front door. Therefore, suppression of the evidence in this case, under a theory that the triggering event did not occur, is without merit and should be denied.

## C. Good Faith Exception

Finally, Defendant argues that were the Court to invalidate the warrant in this case, the good faith exception to the exclusionary rule, as set forth in United States v. Leon, would not be applicable. In Leon, the United States Supreme Court recognized an exception to the exclusionary rule and held that suppression of evidence obtained following the execution of a warrant that was subsequently found to invalid was not required, so long as the officers relied in good faith on a warrant that was signed by a neutral, detached magistrate, and if their reliance was objectively reasonable. 468 U.S. 897, 922-23 (1984).

Here, Defendant asserts that the officers could not have had an objectively reasonable belief that probable cause existed to enter the house because the Parcel was returned outside the front door after it was taken into the house. The Government asserts that the white Suburban driving past the house once before returning, which appeared to the law enforcement officers to be an attempt of counter-surveillance, and the individual in the residence opening and closing the front door several times and looking out toward the Parcel, coupled with the fact that the Parcel

---

[2] The Court also notes that Postal Inspector Farmer testified at the evidentiary hearing regarding the Parcel being returned to the doorstep and stated that through interviews, training, and experience, he has learned that individuals involved in narcotics trafficking through the mail have been known to write return to sender on packages in order to distance themselves from the actual controlled substances. He also testified that law enforcement did not become aware that "return to sender" had been written on the package in this case until after the warrant was executed and he recovered the Parcel.

8

contained a substantial amount of methamphetamine and was taken into the residence, provided the officers with ample basis to rely on the validity of the search warrant.

In this case, the Court finds nothing to support Defendant's argument that the officers lacked an objectively reasonable basis for relying on the search warrant. The suspicious behaviors of the Defendant and the driver of the Suburban, as well as the individual inside the residence opening and closing the door several times, combined with the Parcel containing a substantial amount of methamphetamine and being carried into the residence by Defendant provided the officers with an objectively reasonable basis for relying on the validity of the search warrant. Therefore, even if the Court were to find that the search warrant was not properly issued, which the Court does not find, the good faith exception to the exclusionary rule would be applicable here and suppression of the discovered evidence would not be warranted.

<u>**Conclusion**</u>

For the reasons stated above, the Court concludes that the Defendant's contentions regarding suppression of evidence in this case are without merit, and the motion to suppress should be denied.

IT IS THEREFORE RECOMMENDED that defendant Brown's motion to suppress evidence should be DENIED. (Doc. 203).

Counsel are reminded that they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 21st day of July, 2017, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge